EDISON et al. v. HARDIE.

SAME v. POMEROY DUPLICATOR CO. et al.

(Circuit Court, D. New Jersey. June 15, 1895.)

PATENTS—INVENTION AND UTILITY—INFRINGEMENT—STENCIL SHEETS.

The Edison patent, No. 224,665, for an invention relating to autographic stencil sheets for multiplication of writings, and which consists in the use of a slab having numerous fine points or projections, upon which the sheet is laid, and which are made to penetrate the paper upwardly by the use of a blunt stylus pressed upon the sheet by the hand in writing, sustained, as a meritorious and useful invention, and *held* infringed.

These were suits in equity by Thomas A. Edison and others against William C. Hardie, and against the Pomeroy Duplicator Company and others, respectively, for infringement of a patent relating to autographic stencil sheets for the multiplication of writings.

Dyer & Driscoll, for complainants.

Gallagher & Richards, for defendants.

ACHESON, Circuit Judge. Each of these suits is upon letters patent No. 224,665, dated February 17, 1880, issued to Thomas A. Edison. The invention relates to autographic stencil sheets of paper for the multiplication of writings, etc. The object is accomplished by means of a slab or plate provided with a number of perforating points or projections, closely proximate, upon which a sheet of paper is laid, and the use by the person writing of a blunt stylus, which is pressed on the sheet by the hand with a force sufficient to cause the points or projections of the plate to penetrate the paper upwardly in the lines beneath the stylus. In his specification the patentee states:

"I make use of a slab or plate with a surface of numerous sharp points. Such surface is represented at a, composed of needle points set closely together, or wire points, the extreme ends of which are in the same plane, and the bodies united by solder or cast metal; or the said surface may be a metal plate with its surface scored with grooves that leave the intervening sharp points projecting. * * * A steel plate thus prepared and hardened is preferred."

The claims of the patent are as follows:

"(1) The method herein specified of preparing stencil sheets for printing, consisting in pressing the sheet, in the lines to be printed, against the numerous fine perforating points of a slab, by means of a blunt stylus that is passed over the sheet at the lines to be perforated, and forces such sheet upon the points, substantially as set forth. (2) As an appliance for puncturing stencil sheets by the aforesaid method, the slab, a, having a surface composed of numerous and closely-proximate penetrating points, in combination with a blunt stylus adapted to be moved by hand over the paper to be perforated, substantially as set forth. (3) An autographic stencil sheet, substantially as described, for multiplicate printing, having perforations that are the largest at the side next the surface to be printed, substantially as set forth."

The defenses of lack of novelty and want of invention are not sustained by the proofs. That the invention was one of decided merit, and is of great utility, the evidence demonstrates. It is satisfactorily shown that Edison was the first to use the plate upon which the stencil sheet rests as the perforating instrument; the stylus being, relatively to the projections of the plate, so blunt that it cannot enter the spaces between the projections, but bridges the projections, and passes freely over them, so as to admit of easy writing. This is the gist of the invention. The Adair patent for a check protector proceeded upon a different principle. By his method the perforation of the paper was effected by the sharp point of the stylus, and not by the corrugated or roughened face of the plate, block, or tablet. His patent calls for a "sharp-pointed stylus," and, as stated in his specification, "the result is that the point of the stylus punches the paper between the ridges of the corrugations, or between the highest points of the roughened surface below."

A careful examination of the proofs and exhibits has satisfied me that the charge of infringement is fully made out. The defendants' stencil plate is a metal plate scored in two directions with fine grooves, which create intervening sharp points, upwardly projecting, and their stylus is blunt, when compared with the points or projections of their plate. In a word, their stylus and the projections or perforating points of their plate are so related to each other as to accomplish the results contemplated and disclosed by the patent in suit, in the manner therein prescribed.

I see nothing in the patent calling for the limitations upon which the defendants insist, namely, that the points on the plate must be "conical or pyramidal in form," and the stylus must be of "some soft or yielding material." No special formation of the points is specified, and, as to the stylus, the only limitation expressed is that it shall be "blunt." The specification states that "any suitable blunt pencil or stylus may be used." In each case there will be a decree in favor of the plaintiffs.